**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-4106**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

THOMAS ERIK SMITH,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:19-cr-00219-LMB-1)

———————

Submitted:  July 30, 2024                        Decided:  August 1, 2024

———————

Before NIEMEYER, AGEE, and HEYTENS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Cadence A. Mertz, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Jacqueline Romy Bechara, Tony Ray Roberts, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Erik Smith appeals the district court's judgment revoking his term of supervised release and sentencing him to 11 months' imprisonment. On appeal, Smith's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the procedural reasonableness of Smith's sentence. Although notified of his right to do so, Smith has not filed a pro se supplemental brief. The Government has declined to file a response brief. For the reasons that follow, we affirm.

"A district court has broad . . . discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* at 207 (internal quotation marks omitted). A district court imposes a procedurally reasonable revocation sentence by "considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," "adequately explain[ing] the chosen sentence," and "meaningfully respond[ing] to the parties' nonfrivolous arguments" for a different sentence. *Id.* (footnotes omitted).

*Anders* counsel notes that the district court neither mentioned the applicable statutory maximum sentence nor expressly calculated Smith's policy statement range. We discern no reversible error, however, as the court sentenced Smith below the statutory maximum and implicitly adopted the correctly calculated range proffered by defense counsel.

2

Next, *Anders* counsel questions whether the district court's sentencing explanation sufficiently relied on the pertinent 18 U.S.C. § 3553(a) factors. On this point, we conclude that the court properly predicated its revocation sentence on, among other things, Smith's extremely poor record on supervision, *see* 18 U.S.C. § 3553(a)(1) (providing sentence should account for defendant's history and characteristics), and his association with people engaged in criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(C) (providing sentence should account for need to protect public from defendant's further crimes).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Smith's revocation judgment. This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*